﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190819-25262
DATE: March 31, 2020

ORDER

Entitlement to service connection for a lower back condition is denied.

FINDING OF FACT

The preponderance of the evidence is against finding that the Veteran’s lower back condition began during active service, within one year of separation, or is otherwise related to an in-service injury or disease.

CONCLUSION OF LAW

The criteria for service connection for a lower back condition have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from October 1976 to October 1979. 

The rating decision on appeal was issued in August 2019. See the August 2019 statement of the case. The Veteran opted into the Appeals Modernization Act (AMA) review system and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 38 C.F.R. § 19.2(d). 

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Entitlement to service connection for a lower back condition is denied.

The Veteran contends that his lower back condition began during active service due to repeatedly getting up and down to lay mines, and bending over hoods while working in the motor pool. The Veteran contends that this resulted in a strain on his back. See September 2016 VA 21-4138. 

The AOJ did not identify favorable findings in the August 2019 rating decision.

Initially, the Board notes that a September 2019 Board letter notified the Veteran and his representative that his claim had been placed on the Board’s docket. The letter advised the Veteran and his representative of the means by which to submit any additional materials to the Board. To date, the Board has not received any argument or response from the Veteran or his representative. As an opportunity to submit argument has been provided, the Board will proceed to adjudicate the claim on the merits.

Entitlement to service connection requires evidence of three elements: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship or nexus between the current disability and the disease or injury incurred or aggravated during active service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

Where the evidence shows a “chronic disease” in service or “continuity of symptoms” after service, the disease shall be presumed to have been incurred in service. For the showing of “chronic” disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. With chronic disease as such in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributable to intercurrent causes. If a condition noted during service is not shown to be chronic, then generally a showing of “continuity of symptoms” after service is required for service connection. 38 C.F.R. § 3.303 (b).

Additionally, where a veteran served ninety days or more of active service, and certain chronic diseases, such as arthritis, become manifest to a degree of 10 percent or more within one year after the date of separation from such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. While the disease need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. 38 C.F.R. §§ 3.307, 3.309(a).

Per the March 2019 VA examination, the evidence indicates that the Veteran has a diagnosis of spinal stenosis, a form of arthritis, which is a chronic disease under 38 C.F.R. § 3.309. See also January 2018 VA treatment records. Accordingly, the presumptive provisions of 38 C.F.R. § 3.303 (b) for “chronic” in-service symptoms and “continuous” post-service symptoms apply. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

However, the Board finds the Veteran’s lower back condition is not presumed causally related to service as a chronic disease. Service treatment records show that the Veteran was treated for back pain due to an injury from wrestling in the barracks on October 8, 1979, ten days prior to separation from service. Examination showed minimal tenderness and spasm, with an assessment of lumbar strain. The Veteran was seen for a follow up on the same day and given light duty for 48 hours. In a Statement of Medical Condition dated October 19, 1979, the Veteran indicated that his medical condition had changed since his separation examination and he wrote “muscle spasms in back.” 

There are no post-service treatment records for many decades after the Veteran’s separation from service. The first complaint for back pain was in December 2016 VA treatment records, with an assessment of chronic low back pain. 

The Veteran was afforded a VA examination for this claim in March 2019. The Veteran reported lower back pain which had onset in service when he was pushed down a flight of stairs. The Veteran reported an in-service diagnosis of a lumbar strain. He further reported that since that time, he has continued to experience periodic and worsening lower back pain. The examiner noted an MRI of the lumbosacral spine shows a current diagnosis of spinal stenosis with lumbar disc protrusion L5-S1. In the March 2019 medical opinion, the examiner indicated that the claimed condition was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. The examiner acknowledged the in-service complaints in-service complaints and diagnosis of lumbar spasms, but concluded that the condition documented in service appears to have been acute in nature. The examiner noted no further follow-up in records. The current condition of lumbar disc protrusion L5-S1 with narrowing of the spinal canal was diagnosed 30 years after separation from service. She also found that the signs and symptoms of bilateral lower extremity radiculopathy are more consistent with his most recent diagnosis of spinal stenosis with lumbar disc protrusion L5-S1 and are not a sequela of his lumbar strain while in service as that appears to have been acute in nature. Based on this evidence, the examiner concluded that a nexus between the in-service lumbar strain and the current condition had not been established.

While the Veteran asserts that he has experienced continuity of lower back pain since service, the preponderance of the probative evidence does not establish that this symptom is related to service or in-service complaints and diagnosis of lumbar strain. The Veteran is competent to report having experienced pain during active service and since service. But he is not competent to provide a diagnosis of spinal stenosis in service or within a presumptive period; the Veteran is also not competent to provide a medical opinion linking the observable symptoms to a specific diagnosis. A diagnosis of lumbar disc protrusion with narrowing of the spinal canal- and determinization as to the etiology thereof- is complex and generally beyond the competency of a lay witness as they require expertise in the musculoskeletal system and involve complex medical testing. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). The Veteran does not state, and the record does not reflect, that he has any medical education, experience, or training, nor has he offered any basis in common lay knowledge to support his opinion. 

The Board gives more probative weight to the March 2019 VA examiner’s opinion that the Veteran’s in-service lumbar strain was acute in nature and that there was no etiological link between service and the Veteran’s current condition. The examiner provided a thorough and cogent rationale for her finding and opinion, which included consideration of the Veteran’s reported symptoms both during and after service, and the post-service clinical history. Furthermore, the examiner also reviewed the entire claims file. As noted, the Veteran is not competent to offer a contrary opinion and there are no other competent opinions.

In sum, the evidence weighs against a nexus between the Veteran’s current lower back condition and active military service, to include onset during or within one year of separation from active service. Accordingly, the benefit of the doubt doctrine does not apply. Service connection is not warranted. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990). 

 

D. JOHNSON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Vuong, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.